**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

JAY BONANZA BRILEY, :
:
: **Civ. No. 17-12127(RMB)**
  Petitioner :
  v. :
: **OPINION**
:
MR. ORTIZ, WARDEN, :
:
  Respondent :
_____

Petitioner, Jay Bonanza Briley, was incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey on November 28, 2017, when he initiated this action under 28 U.S.C. § 2241, challenging the Bureau of Prison's Residential Reentry Center ("RRC") placement decision. (Pet., ECF No. 1.)

On April 26, 2018, Respondent filed an answer to the petition. (ECF No. 5.) Petitioner filed a reply on May 29, 2018. (ECF No. 9.) On June 29, 2018, this Court issued an Opinion and Order, denying the petition for writ of habeas corpus under 28 U.S.C. § 2241. (Opinion, ECF No. 12; Order, ECF No. 13.)

This matter comes before the Court upon the following motions filed by Petitioner after this Court denied his habeas petition: (1) Petitioner's motion for summary judgment (ECF No. 14); (2) motion for reconsideration (ECF No. 17); (3) motion for leave to

file evidence (ECF No. 19); (4) motion to compel (ECF No. 22); and (5) emergency motion to amend petition. (ECF No. 24.) Respondent did not respond to Petitioner's motions. For the reasons discussed below, the Court will deny Petitioner's motion for reconsideration.

II. DISCUSSION

    A.   <u>18 U.S.C. §§ 3621(b) and 3624</u>

Two statutory provisions govern the BOP's authority to place prisoners in RRCs. <u>Brown v. Warden Fairton FCI</u>, 617 F. App'x 117, 118 (3d Cir. 2015) (per curiam). Under 18 U.S.C. § 3621(b), the BOP has discretion to permit a prisoner to serve all or part of his sentence in an RRC. <u>Id.</u> at 118. The factors the BOP must consider include:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by

2

>           the Sentencing Commission pursuant to section
>           994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Under 18 U.S.C. § 3624, "the BOP 'shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.'" Brown, 617 F. App'x at 118.

"In calculating the appropriate length and place of pre-release custody, the BOP is required to determine placement 'on an individual basis' and 'in a manner consistent with [18 U.S.C. § 3621(b)],' which sets forth five factors that the BOP must consider in determining a prisoner's place of imprisonment." Moncrieffe v. Yost, 367 F. App'x 286, 287 (3d Cir. 2010) (per curiam) (quoting 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22.) Judicial review of the BOP's decision is for abuse of discretion. Vazquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (per curiam).

B. Petitioner's Motion for Reconsideration

Petitioner filed a motion for reconsideration of this Court's Opinion and Order denying his petition for writ of habeas corpus. (Mot. for Reconsideration, ECF No. 17.) Petitioner contends the Court made a mistake in finding that the BOP considered Dr. Blumberg's psychological opinion regarding Petitioner's need for services in making the determination that a 150 to 180-day period

3

of RRC placement was appropriate. (Id., ¶8.)

Petitioner contends he has obtained evidence that the BOP did not provide an individualized consideration of the relevant factors under § 3621(b) in making Petitioner's RRC placement decision. (Mot. for Reconsideration, ECF No. 17 at 1, ¶1.) In support of his argument that the BOP did not consider his need for psychotherapy, Petitioner alleges as follows:

> [1] On November 28, 2017, Unit Team submitted a [sic] incomplete and inaccurate ISDS Plan, because Unit Team failed to state in the Community Programming Re-Consideration Form's comment section, Petitioner's specific release preparation need for psychotherapy, as stated on exhibit 1, the Petitioner's Community Programming Re-Consideration Form.
>
> [2] The CMC and AW recommendation the Petitioner receive 6 months of RRC placement for his psychotherapy from the Petitioner's second Re-Consideration Form, dated November 3, 2017, that the CMC and AW denied was not a part of the Petitioner's third Community Programming Re-Consideration Form dated November 28, 2017.
>
> [3] The incomplete and inaccurate Community Programming Re-Consideration Form's documentation was then transferred onto Petitioner's BP-S210, the Institutional Referral For RRC Placement Form's section "Specific release preparation" needs, and forwarded to the Community Corrections Management office to find an RRC in the Fairfax, Virginia area, see exhibit 2 for Petitioner's BP-S210 Form.
>
> [3] BP-S210 Form states the documents that was contained in Petitioner's RRC placement packet that was forwarded to the CCM, and none of the documents contained the Petitioner's specific

4

>     release preparation need for psychotherapy.

(Mot. for Reconsideration, ECF No. 17 at 1.)

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Laboratories Inc., 602 F.3d at 251.

Upon review of the record, the Court did not err in finding

5

that the BOP considered Dr. Blumberg's opinion among the relevant factors under § 3621(b) in making Petitioner's RRC placement decision. In answer to the petition, Respondent submitted the Declaration of Frederick Olsen ("Olsen Decl."), Petitioner's Case Manager who participated in the Unit Team that made Petitioner's RRC placement recommendation. (Olsen Decl., ECF No. 5-5.) Olsen stated that the Unit Team considered all factors under § 3621(b), as well as Petitioner's need for services when making the first RRC placement recommendation that was ultimately rejected. (Olsen Decl., ¶6, ECF No. 5-5; Attach. 1 (May 2017 RRC Consideration Form) ECF No. 5-6 at 2.) Upon reconsideration of their first recommendation, the Unit Team expressly addressed Dr. Blumberg's opinion and recommended a 210 to 240-day RRC placement period. (Olsen Decl., ECF No. 5-5, ¶7.)

Respondent also submitted the Declaration of Barbara Nevins, the Case Management Coordinator ("CMC") who determined that Petitioner's mental health issues could be addressed through psychotherapy while in an RRC *or during Supervised Release*, and therefore, Petitioner did not require a 210 to 240-day RRC placement. (Nevins Decl., ECF No. 5-2, ¶3) (emphasis added). Based on Nevins' decision, the Unit Team reconsidered Petitioner's RRC placement and recommended 150 to 180-days RRC placement, which Nevins found was more appropriate. (Id., ECF No. 5-2 at ¶4.)

Olsen declared that when the Unit Team reconsidered

Petitioner's RRC placement on November 28, 2017 and recommended 150 to 180-days, "the final recommendation was made after a weighing of all statutory criteria, and was made with the 12 month placement in mind. As indicated, the recommendation was also made after consideration of Petitioner' [sic] mental health issues." (Olsen Decl., ECF No. 5-5, ¶¶9-11.) In view of the history of Petitioner's RRC placement decision, and the declarations of Frederick Olsen and Barbara Nevins, the BOP's failure to include a comment on the forms completed for Petitioner's final RRC placement decision that Petitioner requires psychotherapy upon reentry is not persuasive evidence that the BOP failed to consider Dr. Blumberg's opinion in making that decision.

> B. <u>Petitioner's Motion for Summary Judgment, Motion for Leave to File Evidence, Motion to Compel, and Emergency Motion to Amend Petition</u>

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" <u>Already LLC v. Nike, Inc.</u>, 568 U.S. 85, 91 (2013) (quoting <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982) (per curiam) (some internal quotation marks omitted)). "[A]n 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." <u>Id.</u> at 90-91 (quoting <u>Alvarez v. Smith</u>, 558 U.S. 87, 92 (2009)

7

(internal quotation marks omitted) (additional citations omitted)). Petitioner's motion for summary judgment, motion for leave to file evidence, motion to compel discovery and emergency motion to amend the petition are moot because the Court denied the petition for writ of habeas corpus approximately two weeks before Petitioner filed the first of these motions, and the Court now denies Petitioner's motion for reconsideration.

III. CONCLUSION

The Court will deny Petitioner's motion for reconsideration and finds that Petitioner's motion for summary judgment, motion for leave to file evidence, motion to compel discovery, and emergency motion to amend the petition are moot.

An appropriate Order follows.

Date: February 8, 2019

>                             s/Renée Marie Bumb
>                             **RENÉE MARIE BUMB**
>                             **United States District Judge**